IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

FILED
JAN X 9 2008
Jan 9, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| TEREZ WEST, Jr., )<br>     Plaintiff, )<br> )<br>v. )<br> )<br>CHICAGO POLICE OFFICERS BAUDILIO )<br>LOPEZ JR, Star #2360, MARK DARCY, )<br>Star #4499, MARTIN TULLY, Star #7817 )<br>Individually and as employee/agents )<br>of the CITY OF CHICAGO, a municipal )<br>corporation, )<br>     Defendants. ) | 08CV169<br>JUDGE LINDBERG<br>MAG. JUDGE MASON<br><br>JURY DEMAND |

## COMPLAINT AT LAW

NOW COMES TEREZ WEST Jr. (hereinafter referred to as "PLAINTIFF"), by and through his attorney, Jeffrey J. Neslund complains of Defendants, CITY OF CHICAGO Police Officers BAUDILIO LOPEZ JR, Star #2360, MARK DARCY, Star #4499, and MARTIN TULLY, Star #7817 (hereinafter referred to as "DEFENDANT OFFICERS"), as follows:

### INTRODUCTION

1.  This is an action for civil damages brought pursuant to 42 U.S.C. §1983 for the deprivation of Plaintiff's constitutional rights. This Court has jurisdiction pursuant to 28 U.S.C. §1331 and §1343.

2.  Venue in this district is proper pursuant to 28 U.S.C. §1391(b), because the facts which give rise to the claims asserted herein occurred in the Northern District of Illinois.

3.  Plaintiff, is an individual who at all times relevant hereto was living in the Northern District of Illinois.

4.  Defendants, CITY OF CHICAGO Police Officers BAUDILIO LOPEZ JR, Star #2360, MARK DARCY, Star #4499, and MARTIN TULLY, Star #7817, were at all times

1

material hereto, duly appointed Chicago Police Officers employed by the City of Chicago acting in the capacity of sworn law enforcement officials.

## FACTUAL SUMMARY

5. On January 9, 2006, Plaintiff was a passenger in a vehicle driven by his friend, Dan Davies, who is paralyzed.

6. Defendant Lopez pulled over Mr. Davies car in the vicinity of 50th Street and Racine in the City of Chicago.

7. Mr. Davies informed Defendant Lopez that he was paralyzed and could not get out of the car without his wheelchair.

8. Defendant Officer Lopez handcuffed Mr. Davies to the steering wheel and ordered the plaintiff and his cousin, Levarious West out of the car.

9. Defendant Lopez then placed the Plaintiff and Levarious West on the trunk of Mr. Davies's car and searched them.

10. Defendant Lopez then attempted to search Mr. Davies. The Plaintiff and Levarious West, repeatedly told the Defendant Lopez that Mr. Davies was paralyzed and could not move his legs.

11. Defendant Officer Lopez began to strike Mr. Davies on the back of his head and pound his head into the steering wheel.

12. Other unknown Chicago police officers arrived on the scene and the Plaintiff was placed in the back seat of a Chicago police squad car.

13. The Plaintiff observed Defendant Lopez repeatedly bang Mr. Davies head into the steering wheel and then drag Mr. Davies from his car.

14. Defendant Lopez and other unknown Chicago Police Officers strip searched Mr.

2

Davies by holding him up in the air while Defendant Lopez pulled his pants down and looked at him with a flashlight.

15. After strip searching Mr. Davies, Defendant Lopez told the Plaintiff that if he provided information on guns or drugs in the neighborhood, the Plaintiff would be released. Defendant Lopez threatened to send the Plaintiff to prison if he did not cooperate.

16. Defendant Officers Tulley and Darcy arrived at the scene and were instructed by Defendant Lopez to drive the plaintiff around the neighborhood to see if he could get them a gun.

17. After driving around the neighborhood with the Plaintiff, Defendant Officers Tulley and Darcy called Defendant Lopez and told him the Plaintiff was unable to provide them with a gun..

18. The Defendant Officers then gave the Plaintiff Defendant Lopez's cell phone number with instructions that he had two days to find a gun and call Defendant Lopez.

19. Defendant Officers Tulley and Darcy then drove the plaintiff, who is African American, into a hostile Hispanic gang neighborhood, and forced him out of the squad car.

20. The Plaintiff immediately ran home and informed his father, Terez West Sr., what had occurred and gave his father the paper with the phone number given to him by the Defendant officers.

21. Terez West Sr. Then called the number on the paper and left a message that his son was not going to get anyone a gun.

### COUNT I – 42 U.S.C. § 1983: False Arrest/Unlawful Detention

22. Plaintiff re-alleges and incorporates paragraphs 1-21 as fully stated herein.

3

23. As described above, DEFENDANT OFFICERS falsely arrested and unlawfully detained the Plaintiff without justification and without probable cause.

24. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others, and specifically, the rights of the Plaintiff.

25. As a result of the above-described wrongful infringement of the Plaintiff's rights, Plaintiff suffered damages, including but not limited to mental distress, anguish and other damages in violation of 42 U.S.C. 1983.

26. The misconduct described in this Count was undertaken by the DEFENDANT OFFICERS within the scope of their employment such that their employer, the CITY OF CHICAGO, is liable for their actions.

## COUNT II – State Law Claim: False Imprisonment

27. PLAINTIFF re-alleges and incorporates paragraphs 1-21 above as fully stated herein.

28. PLAINTIFF was arrested and imprisoned, and thereby had his liberty to move about unlawfully restrained, despite DEFENDANT OFFICERS' knowledge that there was no probable cause for doing so.

29. DEFENDANT OFFICERS' actions set forth above were undertaken intentionally, with malice and reckless indifference to PLAINTIFF'S rights.

30. As a result of the above-described wrongful infringement of PLAINTIFF'S rights, PLAINTIFF suffered damages, including but not limited to mental distress and anguish.

31. The misconduct described in this Count was undertaken by the DEFENDANT OFFICERS within the scope of their employment such that their employer, the CITY OF CHICAGO, is liable for their actions.

## REQUEST FOR RELIEF

32. PLAINTIFF, TEREZ WEST, Jr., respectfully request that the Court:

   a. Enter judgment in his favor and against DEFENDANT OFFICERS and the CITY OF CHICAGO.

   b. Award compensatory damages against DEFENDANT OFFICERS and the CITY OF CHICAGO;

   c. Award attorneys' fees against DEFENDANT OFFICERS and the CITY OF CHICAGO;

   d. Award punitive damages against DEFENDANT OFFICERS; and

   e. Grant any other relief this Court deems just and appropriate.

## JURY DEMAND

PLAINTIFF, TEREZ WEST, Jr., demands a trial by jury under the Federal Rule of Civil Procedure 38(b) on all issues so triable.

Respectfully submitted,

Jeffrey J. Neslund

Law Offices of Jeffrey J. Neslund
150 N. Wacker Drive
Suite 2460
Chicago, IL 60606
(312) 223-1100